# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

COLLEEN CLARKE,

        Plaintiff,

    against-

OWENS-BROCKWAY GLASS CONTAINER INC., i/s/ha
OWENS-BROCKWAY GLASS CONTAINER, INC.,
OWENS-BROCKWAY GLASS CONTAINERS, a Unit of
OWENS-ILLINOIS, OWENS-BROCKWAY
PACKAGING, INC. and OWENS-ILLINOIS,

        Defendants.

State Index No.: 3628/06

Civil No.:

07 CIV. 3695

**NOTICE OF REMOVAL**

*WP4*

    OWENS-BROCKWAY GLASS CONTAINER INC., i/s/h/a OWENS-BROCKWAY GLASS CONTAINER, INC., OWENS-BROCKWAY GLASS CONTAINERS, a Unit of OWENS-ILLINOIS, OWENS-BROCKWAY PACKAGING, INC. and OWENS-ILLINOIS ["Defendants"], by counsel, states the following:

    1.    Plaintiff commenced this action on or about January 22nd, 2007, by filing a Verified Complaint in the New York State Supreme Court of Sullivan County bearing index number 3628/2006 and captioned as above.  Pursuant to 28 USC § 1446(a), an Index of all copies of all process, pleadings and orders served upon the defendants are attached hereto as hereto as "Exhibit A," and a copy of the plaintiff's Verified Complaint is attached hereto as "Exhibit B."

    2.    The above-named defendants were never served with this Verified Complaint by the plaintiff.

3.    By way of Stipulation dated May 5th, 2007, counsel for the plaintiff and counsel for the defendants agreed that counsel for the defendants would accept service of the plaintiff's Verified Complaint.  A copy of this Stipulation is attached hereto as "Exhibit C."

4.    Pursuant to this Stipulation, the defendants agreed to file an Answer to the plaintiff's Verified Complaint within thirty (30) days of removal of this case from State Court to Federal Court.  Defendants have not yet filed this Answer and, for this reason, no Answer is attached herewith.

5.    Pursuant to this Stipulation, Theresa Guastaferri, Esq. (counsel for the plaintiff) forwarded a copy of the plaintiff's Verified Complaint to Brian Stapleton, Esq., of Goldberg Segalla, LLP (counsel for the defendants) in electronic form on May 8th, 2007.  A copy of the electronic correspondence between attorney Guastaferri and attorney Stapleton is attached hereto as "Exhibit D."

6.    This Notice of Removal is being filed within thirty (30) days after receipt of the Verified Complaint by the defendants, as so stipulated, and is timely pursuant to 28 USC § 1446(b).

7.    Plaintiff's Verified Complaint alleges that on or about November 24th, 2003 plaintiff sustained "serious, severe, permanent and disabling personal injuries" as a result of an alleged defect in a glass bottle purportedly manufactured by this Defendant.  Upon information and belief, the plaintiff suffered a laceration to her eye that required surgical repair and the placement of permanent sutures.  The amount in controversy therefore exceeds $75,000.00.

8.    Defendant is a Delaware corporation having its principal place of business in the State of Illinois, while Plaintiff is a New York resident with her principal domicile in Sullivan County, New York. In addition, the subject bottle was manufactured in the State of California.

9.    Pursuant to 28 USC § 1332(c)(1), full diversity exists among all parties in this action since the defendant is incorporated and maintains its principal places of business in a different state than that in which plaintiff resides.

10.    Insofar as the amount in controversy is alleged to exceed $75,000.00 and full diversity exists between the parties, removal is proper pursuant to 28 USC § 1332(a) and 28 USC § 1441(a).

11.    Contemporaneously herewith, written notice is being given to all adverse parties and to the Clerk of the State of New York, Supreme Court, County of Sullivan, that this Notice of Removal is being filed with this Court.

**WHEREFORE**, defendant OWENS-BROCKWAY GLASS CONTAINER INC., i/s/h/a OWENS-BROCKWAY GLASS CONTAINER, INC., OWENS-BROCKWAY GLASS CONTAINERS, a Unit of OWENS-ILLINOIS, OWENS-BROCKWAY PACKAGING, INC. and OWENS-ILLINOIS, files this Notice of Removal so that the entire state court action under Index No. 3628/2006 now pending in the State of New York, Supreme Court, County of

Sullivan, be removed to this Court for all further proceedings.

Dated: May 8, 2007
      White Plains, New York

                                       Your etc.,

                                       Brian T. Stapleton, Esq.
                                       David S. Osterman, Esq.
                                       GOLDBERG SEGALLA, LLP
                                       **Attorneys for All Defendants**
                                       170 Hamilton Avenue, Suite 203
                                       White Plains, New York 10601
                                       (914) 798-5400

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Removal was served upon the following by deposit in the United States mail, first class postage prepaid, this 9th day of May, 2007:

TERESA R. GUASTAFERRI, ESQ.
GILBERTO & GUASTAFERRI, PLLC
Attorneys for Plaintiff
1055 Hyland Boulevard, Suite #2
Staten Island, NY 10305
(718) 876-5050
File No.: 05GGN03

GOLDBERG SEGALLA, LLP

By: _____
Brian T. Stapleton, Esq.
David S. Osterman, Esq.
GOLDBERG SEGALLA, LLP
**Attorneys for All Defendants**
170 Hamilton Avenue, Suite 203
White Plains, New York 10601
(914) 798-5400

76571.1

**EXHIBIT A**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

COLLEEN CLARKE,

           Plaintiff,

    against-

OWENS-BROCKWAY GLASS CONTAINER INC., i/s/ha
OWENS-BROCKWAY GLASS CONTAINER, INC.,
OWENS-BROCKWAY GLASS CONTAINERS, a Unit of
OWENS-ILLINOIS, OWENS-BROCKWAY
PACKAGING, INC. and OWENS-ILLINOIS,

    Defendants.

State Index No.:  3628/06

Civil No.: _____

## INDEX OF PROCESS, PLEADINGS AND
## ORDERS SERVED UPON DEFENDANT

1.      Verified Complaint dated and filed January 22nd, 2007.

2.      Stipulation dated May 5th, 2005.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SULLIVAN
---------------------------------------------------------------X
COLLEEN CLARKE,

                           Plaintiffs,

        - against -

OWENS-BROCKWAY GLASS CONTAINER INC.,
i/s/h/a OWENS-BROCKWAY GLASS CONTAINER,
INC., OWENS-BROCKWAY GLASS CONTAINERS,
a Unit of OWENS-ILLINOIS, OWENS-BROCKWAY
PACKAGING, INC. and OWENS-ILLINOIS,
                           Defendants,
---------------------------------------------------------------X

**VERIFIED COMPLAINT**
Index No.: 3628-2006

      Plaintiff, **COLLEEN CLARKE**, by her attorneys, **GILBERTO, GUASTAFERRI &**

**NUCCIO, LLP** as and for her Verified Complaint complains and alleges of the defendants as

follows:

#### PARTIES

      1.     At all times hereinafter mentioned, plaintiff was and still is a resident of County

of Sullivan, State of New York.

      2.     Upon information and belief, and at all times hereinafter mentioned, the

defendant, OWENS-BROCKWAY GLASS CONTAINER INC. i/s/h/a OWENS-BROCKWAY

GLASS CONTAINER, INC., was and still a foreign business corporation duly organized and

existing pursuant to the Laws of the State of Delaware.

      3.     Upon information and belief, and at all times hereinafter mentioned, the

defendant, OWENS-BROCKWAY GLASS CONTAINER INC. i/s/h/a OWENS-BROCKWAY

GLASS CONTAINER, INC., was and still a foreign business corporation duly organized and

existing pursuant to the Laws of the State of Delaware with its principal place of business in the

State of Ohio.

4.      Upon information and belief, and at all times hereinafter mentioned, the defendant, OWENS-BROCKWAY GLASS CONTAINERS, a Unit of OWENS-ILLINOIS, is a subsidiary of OWENS-BROCKWAY GLASS CONTAINER INC. i/s/h/a OWENS-BROCKWAY GLASS CONTAINER, INC.

5.      Upon information and belief, and at all times hereinafter mentioned, the defendant, OWENS-BROCKWAY PACKAGING, INC., is a subsidiary of OWENS-BROCKWAY GLASS CONTAINER INC. i/s/h/a OWENS-BROCKWAY GLASS CONTAINER, INC.

6.      Upon information and belief, and at all times hereinafter mentioned, the defendant, OWENS-ILLINOIS, INC.,  was and still a foreign business corporation duly organized and existing pursuant to the Laws of the State of Delaware with its principal place of business in the State of Ohio duly authorized to conduct business within the State of New York.

7.      Upon information and belief, and at all times hereinafter mentioned, the defendant, OWENS-ILLINOIS, INC., is a subsidiary of OWENS-BROCKWAY GLASS CONTAINER INC. i/s/h/a OWENS-BROCKWAY GLASS CONTAINER, INC.

8.      Upon information and belief, and at all times hereinafter mentioned, the defendant, OWENS-BROCKWAY GLASS CONTAINER INC. i/s/h/a OWENS-BROCKWAY GLASS CONTAINER, INC. is conducting business within the State of New York through OWENS-ILLINOIS, INC.

9.      Upon information and belief, and at all times hereinafter mentioned, the defendant, OWENS-BROCKWAY GLASS CONTAINER INC. i/s/h/a OWENS-BROCKWAY

-2-

GLASS CONTAINER, INC. is doing business as OWENS-ILLINOIS, INC. within the State of New York.

10.    Upon information and belief, and at all times hereinafter mentioned, the defendant, OWENS-BROCKWAY GLASS CONTAINERS, a Unit of OWENS-ILLINOIS, is a wholly owned subsidiary of OWENS-BROCKWAY GLASS CONTAINER INC. i/s/h/a OWENS-BROCKWAY GLASS CONTAINER, INC.

11.    Upon information and belief, and at all times hereinafter mentioned, the defendant, OWENS-BROCKWAY PACKAGING, INC., is a wholly owned subsidiary of OWENS-BROCKWAY GLASS CONTAINER INC. i/s/h/a OWENS-BROCKWAY GLASS CONTAINER, INC.

12.    Upon information and belief, and at all times hereinafter mentioned, the defendant, OWENS-ILLINOIS, INC., is a wholly owned subsidiary of OWENS-BROCKWAY GLASS CONTAINER INC. i/s/h/a OWENS-BROCKWAY GLASS CONTAINER, INC.

13.    Upon information and belief, and at all times hereinafter mentioned, the defendant, OWENS-BROCKWAY GLASS CONTAINERS, a Unit of OWENS-ILLINOIS, is a distributor for OWENS-BROCKWAY GLASS CONTAINER INC. i/s/h/a OWENS-BROCKWAY GLASS CONTAINER, INC.

14.    Upon information and belief, and at all times hereinafter mentioned, the defendant, OWENS-BROCKWAY PACKAGING, INC., is a distributor for OWENS-BROCKWAY GLASS CONTAINER INC. i/s/h/a OWENS-BROCKWAY GLASS CONTAINER, INC.

15.     Upon information and belief, and at all times hereinafter mentioned, the defendant, OWENS-ILLINOIS, INC., is a distributor for OWENS-BROCKWAY GLASS CONTAINER INC. i/s/h/a OWENS-BROCKWAY GLASS CONTAINER, INC.

16.     Upon information and belief, and at all times hereinafter mentioned, the defendant, OWENS-BROCKWAY GLASS CONTAINERS, a Unit of OWENS-ILLINOIS, is a division of OWENS-BROCKWAY GLASS CONTAINER INC. i/s/h/a OWENS-BROCKWAY GLASS CONTAINER, INC.

17.     Upon information and belief, and at all times hereinafter mentioned, the defendant, OWENS-BROCKWAY PACKAGING, INC., is a division of OWENS-BROCKWAY GLASS CONTAINER INC. i/s/h/a OWENS-BROCKWAY GLASS CONTAINER, INC.

18.     Upon information and belief, and at all times hereinafter mentioned, the defendant, OWENS-ILLINOIS, INC., is a division of OWENS-BROCKWAY GLASS CONTAINER INC. i/s/h/a OWENS-BROCKWAY GLASS CONTAINER, INC.

19.     Upon information and belief, and at all times hereinafter mentioned, the defendants, either jointly and/or severally, were and still are regularly transacting business within the State of New York, through their agents, servants, employees, independent contractors, divisions, distributors and/or subsidiaries; that regularly contracts to supply goods and/or services within the State of New York, through their agents, servants, employees, independent contractors, divisions, distributors and/or subsidiaries; that regularly conducting and/or soliciting business within the State of New York, through their agents, servants, employees, independent contractors, divisions, distributors and/or subsidiaries; that regularly

-4-

engages in a persistent course of business conduct within the State of New York, through their agents, servants, employees, independent contractors, divisions, distributors and/or subsidiaries; regularly deriving a substantial revenue from goods used or consumed or services rendered within the State of New York, through their agents, servants, employees, independent contractors, divisions, distributors and/or subsidiaries; who expects or should reasonably expect that the hereinafter mentioned product with defective packaging would have consequences within the State of New York and derives substantial revenue from interstate commerce through their agents, servants, employees, independent contractors, divisions, distributors and/or subsidiaries; who expects or should reasonably expect that the hereinafter mentioned product with defective packaging would have consequences within the State of New York and derives substantial revenue from international commerce through their agents, servants, employees, independent contractors, divisions, distributors and/or subsidiaries; who transact business within the State of New York and/or contracted to supply goods and services in the State of New York, through their agents, servants, employees, independent contractors, divisions, distributors and/or subsidiaries; were doing business in the State of New York, and did contract to supply goods and services in the State of New York, and did commit a tortious act within the State of New York, and did commit a tortious act outside the State of New York causing injury to the plaintiff within the State of New York, and regularly solicited business and engaged in a persistent course of conduct, and derived substantial revenue from the goods used and consumed and services rendered in the State of New York, and expected and reasonably should have expected their acts to have consequences in the State of New York and derive substantial revenue from interstate and international commerce.

-5-

20.     Upon information and belief, the defendants, jointly and/or severally, were and still are in the business of manufacturing, developing, designing, preparing, assembling, packaging, securing, selling and/or distributing glass packaging and/or containers and/or bottles.

21.     Upon information and belief, and at all times hereinafter mentioned, the defendants, jointly and/or severally were and still are in the business of developing and designing effective packaging, containers, methods and logistic systems for product distribution and, more particularly, the distribution of bottles for sparkling cider.

22.     Upon information and belief, and at all times hereinafter mentioned, the defendants, their agents, servants, employees, divisions, distributors and/or subsidiaries directly and purposely availed themselves of the privilege of conducting business within the State of New York by placing products, and more particularly glass packaging and/or containers and/or bottles for sparkling cider, into the stream of commerce with the specific intent and expectation that they would be purchased and/or used within the State of New York.

23.     Upon information and belief, and at all times hereinafter mentioned, the defendants, jointly and/or severally, their agents, servants, employees, divisions, distributors and/or subsidiaries directly and purposely availed themselves of the privilege of conducting business within the State of New York by placing products, and more particularly glass packaging and/or containers and/or bottles for sparkling cider, into the stream of commerce with the constructive knowledge that said bottles would be handled during warehousing, merchandising, transport and ultimate stocking of inventory by persons, and more particularly, the employees of supermarkets such as ShopRite, located at 4440 State Route 42, Monticello, NY 12701, County of Sullivan, State of New York.

-6-

24.     Upon information and belief, and at all times hereinafter mentioned, the defendants, jointly and/or severally, their agents, servants, employees, divisions, distributors and/or subsidiaries directly and purposely availed themselves of the privilege of conducting business within the State of New York by placing products, and more particularly glass packaging and/or containers and/or bottles for sparkling cider, into the stream of commerce with the constructive knowledge that said bottles would be handled by patrons/shoppers at their ultimate destination, and more particularly, the ShopRite, located at 4440 State Route 42, Monticello, NY 12701, County of Sullivan, State of New York.

25.     Upon information and belief, the defendants entered into an agreement and/or contract with SHOP-RITE SUPERMARKETS, INC., WAKEFERN FOOD CORP., SHOPRITE OF MONTICELLO, S. MARTINELLI & COMPANY to purchase, warehouse, distribute, merchandise, distribute and/or transport  glass packaging and/or containers and/or bottles for sparkling cider, in the stream of commerce to be handled by patrons/shoppers at their ultimate destination, and more particularly, the ShopRite, located at 4440 State Route 42, Monticello, NY 12701, County of Sullivan, State of New York.

26.     This action falls within one or more exceptions to Article 16 of the Civil Practice Law & Rules, and more particularly §1602(2)(iv); §1602(7); §1602(10).

-7-

## <u>AS AND FOR A FIRST CAUSE OF ACTION</u>

27.     Plaintiff repeats, reiterates and realleges each and every allegation as set forth in paragraphs "1," through "26," inclusive with the same force and effect as if fully set forth at length herein.

-8-

28.     Upon information and belief and at all times hereinafter mentioned, and more particularly on November 24, 2003, the plaintiff was a customer and/or invitee of ShopRite, located at 4440 State Route 42, Monticello, New York 12701, County of Sullivan, State of New York.

29.     Upon information and belief and at all times hereinafter mentioned, and more particularly on or before November 24, 2003, the defendants jointly and/or severally, entered into an agreement and/or contract with S. MARTINELLI & COMPANY, SHOP-RITE SUPERMARKETS, INC., WAKEFERN FOOD CORP., SHOP-RITE SUPERMARKETS, INC., d/b/a SHOPRITE OF MONTICELLO, SHOPRITE OF MONTICELLO, to purchase, warehouse, distribute, merchandise, distribute and/or transport glass containers and/or packaging and/or bottles for sparkling cider intended for retail sales at the aforesaid ShopRite location.

30.     On November 24, 2003 at approximately 4:30 P.M., the plaintiff sustained serious, severe, permanent and disabling injuries when upon information and belief, a Martinelli's Sparkling Cider bottle, exploded, burst, broke, and/or uncorked, striking her in the eye when the aforesaid bottle's container and/or packaging failed to hold and/or support the contents of the aforesaid bottle.

31.     The aforesaid occurrence and the resulting injuries were caused solely and wholly by the negligence, carelessness and recklessness of the defendants in the manufacturing, warehousing, merchandising, transporting, developing, designing, preparing, assembling, packaging, securing, selling storing, placing, handling and/or distributing of glass containers and/or packaging and/or bottles for sparkling cider and/or sparkling cider and placing same into the stream of commerce; and was in no way contributed to by the plaintiff.

-9-

32.     Upon information and belief, the aforesaid glass containers and/or packaging and/or bottles for sparkling cider and its accompanying packaging and/or container, by reason of its improper manufacturing, warehousing, merchandising, transporting, developing, designing, preparing, assembling, packaging, securing, selling, storing, placing, handling and/or distributing, which was inherently defective and dangerous, unfit for its intended use and purpose and posed an unreasonable and foreseeable risk of harm to handlers and/or users thereof and those lawfully present upon the aforesaid premises of the supermarket  and within the zone of danger; that the said glass containers and/or packaging and/or bottles and its accompanying packaging was unreasonably dangerous and defective by reason of the improper manufacturing, warehousing, merchandising, transporting, developing, designing, preparing, assembling, packaging, securing, selling storing, placing, handling and/or distributing thereof, and its connecting members, parts, appurtenances and components, which failed to remain intact, secured and safe, in violation of accepted engineering, safety and industry standards, laws and regulations of the United States; by reason of the failure of the defendants, agents, servants, employees, independent contractors, divisions, distributors and/or subsidiaries to manufacture, warehouse, merchandise, transport, develop, design, prepare, assemble, package, secure, sell, place, handle and/or distribute the glass containers and/or packaging and/or bottles for sparkling cider and its accompanying packaging which were reasonably safe, having due regard for the use intended and any foreseeable mis-handling of the product packaging and/or container, if any; that the defendants, their agents, servants, employees, independent contractors, divisions, distributors and/or subsidiaries had actual and constructive knowledge of feasible alternatives to the aforesaid defective manufacture, merchandise, transport, warehouse, development, design,

-10-

preparation, assembly, packaging, securing, selling, placing, handling and/or distribution and knowingly marketed the subject product and its container and/or packaging; that the subject product and its container and/or packaging was defective and unreasonably dangerous by reason of the failure of the defendants, and each of them, to provide adequate warnings, precautions, safety devices and fail safe mechanisms; that the subject product was otherwise defective and unreasonably dangerous by reason of the failure of the defendants to recall, remedy, re-design, advise, remove from the stream of commerce and/or the aforesaid premises or warn users and handlers of the aforesaid defects and hazards.

33.     That the aforesaid defective and dangerous product was the proximate cause of plaintiff's injuries.

34.     By reason of the foregoing, the defendants, jointly and/or severally, are liable to the plaintiff under the doctrine of strict liability in tort.

35.     By reason of the foregoing, the plaintiff has suffered severe, serious, permanent and disabling personal injuries, including but not limited to pain and suffering, loss of enjoyment of life, incurred pecuniary damages, medical, hospital, rehabilitative and other expenses, all of which are upon information belief permanent.

36.     By reason of the foregoing, the plaintiff is entitled to punitive damages.

37.     By reason of the foregoing, the plaintiff has been damaged and pursuant to C.P.L.R. §3017(c), demands judgment in amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

-11-

## AS AND FOR A SECOND CAUSE OF ACTION

38.    Plaintiff repeats, reiterates and realleges each and every allegation as set forth in paragraphs "1," through "37," inclusive with the same force and effect as if fully set forth at length herein.

39.    That the defendants jointly and/or severally, through their agents, servants, employees, independent contractors, divisions distributors and/or subsidiaries, were negligent in the manufacture, merchandising, transport, warehouse, development, design, preparation, assembly, packaging, securing, selling, storing, placing, handling and/or distribution of the aforesaid sparkling cider bottle and its accompanying glass packaging and/or container and/or bottle, in placing into the stream of commerce a product which was defective and unreasonably dangerous; in failing to properly test and inspect the product container and/or bottle and/or packaging; in negligently failing to provide adequate warnings and/or precautions of the unreasonably dangerous nature of the product container and/or bottle and/or packaging; in manufacturing, merchandising, transporting, warehousing, developing, designing, preparing, assembling, packaging, securing, selling, storing, placing, handling and/or distributing a product packaging which did not conform to accepted engineering, safety and industry standards, rules and regulations of the United States; in failing to correct the defective condition; that defendants were negligent by reason of the failure of the defendants, jointly and/or severally, their agents, servants, employees, independent contractors, distributors, divisions and/or subsidiaries to manufacture, merchandise, transport, warehouse, develop, design, prepare, assemble, package, secure, sell, store, place, handle and/or distribute the bottle of sparkling cider and its packaging which were reasonably safe, having due regard for the use intended and any foreseeable misuse

-12-

and/or mishandling of the product; that defendants were negligent by reason of the defendants, jointly and/or severally, their agents, servants, employees, independent contractors, distributors, divisions and/or subsidiaries in manufacturing, transporting, merchandising, warehousing, developing, designing, preparing, assembling, packaging, securing, selling, storing, placing, handling and/or distributing the sparkling cider bottle and its packaging in an unreasonably safe condition, without due regard for the use intended and any foreseeable misuse and/or mishandling of the product and/or container and/or bottle and/or its packaging; that the defendants, jointly and/or severally, their agents, servants, employees, independent contractors distributors, divisions and/or subsidiaries had actual and constructive knowledge of feasible alternatives to the aforesaid defective design of the packaging and negligently marketed the product packaging and/or container and/or bottle in said defective state; that the defendants, jointly and/or severally, their agents, servants, employees, independent contractors, distributors, divisions and/or subsidiaries were negligent by reason of their failure to provide adequate warnings, precautions, and safety devices and fail safe mechanisms; that the subject product and its packaging and/or container and/or bottle was otherwise defective and unreasonably dangerous by reason of the defendants, their agents, servants, employees, independent contractors, distributors, divisions and/or subsidiaries failure to recall, remedy, re-design, advise, remove from the stream commerce and/or the aforesaid premises or warn users of the aforesaid defects and hazards; in failing to hire adequate and properly trained personnel; in failing to conduct complete and proper tests and inspections to determine the safety of the design of said product packaging; in failing to recall the subject product and correct same so that the subject product could be safely used; in manufacturing, transporting, merchandising, warehousing, developing,

-13-

designing, preparing, assembling, packaging, securing, selling and/or distributing said product despite actual and constructive knowledge of its defective design; in failing to exercise reasonable care and in otherwise being negligence, careless and reckless in the premises.

40.    That the defendants, jointly and/or severally, their agents, servants, employees, independent contractors, divisions and/or subsidiaries acted with negligence and/or gross negligence, and are morally culpable in the aforesaid acts and omissions proximately resulting in the plaintiff's personal injuries; were wilful, wanton and acted with reckless indifference to human life and limb, in knowingly, willfully and recklessly manufacturing, transporting, merchandising, warehousing, developing, designing, preparing, assembling, packaging, securing, selling, distributing and/or placing into the stream of commerce the subject product which they was defective and unreasonably dangerous; that the defendants were morally culpable in marketing in the United States and/or failing to recall, re-design and/or remedy the aforesaid bottle and its accompanying packaging and/or container despite actual knowledge of feasible alternative configurations and systems actually in use by defendants and others; in marketing the aforesaid product despite actual knowledge of tests, studies, statistics and data indicating the serious nature of the defect as heretofore described and the high risk of serious injury and death to users of the product; in wrongfully concealing and fraudulently denying knowledge of the defective and unreasonably dangerous nature of the product; and in otherwise acting recklessly, willfully, wantonly and with reckless indifference to human life and limb.

41.    That the aforesaid negligence and gross negligence of the defendants, either jointly and/or severally, were the proximate cause of plaintiff's injuries.

-14-

42.    By reason of the foregoing, the plaintiff has suffered serious and permanent personal injuries, including but not limited to pain and suffering, loss of enjoyment of life, incurred pecuniary damages, medical, hospital, rehabilitative and other expenses, all of which are upon information belief permanent.

43.    By reason of the foregoing, the plaintiff has been damaged and pursuant to C.P.L.R. §3017(c), demands judgment in amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A THIRD CAUSE OF ACTION

44.    Plaintiff repeats, reiterates and realleges each and every allegation as set forth in paragraphs "1," through "43," inclusive with the same force and effect as if fully set forth at length herein.

45.    That the defendants, jointly and/or severally, their agents, servants, employees, independent contractors, distributors, divisions and/or subsidiaries, breached the implied warranty of merchantability and fitness for intended use set forth in UCC §2-314 and §2-318(c) in the manufacture, transport, merchandising, warehousing, development, design, preparation, assembly, packaging, securing, selling, storing, placing, handling and/or distribution of the aforesaid product; in placing a product on the market which was not reasonably fit for the ordinary purpose for which it was intended; that the aforesaid product was defective and marketed in breach of the aforesaid statutory warranty in failing to reasonably conform to the expectations of the ultimate consumer; in creating an expectation by reason of the marketing, packaging, naming and promotion of said product to which the aforesaid product did not reasonably conform, in that said sparkling cider bottle accompanying packaging and/or container

-15-

and/or bottle failed to support the aforesaid sparkling cider thereby proximately causing plaintiff's injuries.

46.    By reason of the foregoing, the plaintiff has been damaged and pursuant to C.P.L.R. §3017(c), demands judgment in amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A FOURTH CAUSE OF ACTION

47.    Plaintiff repeats, reiterates and realleges each and every allegation as set forth in paragraphs "1," through "46," inclusive with the same force and effect as if fully set forth at length herein.

48.    The aforesaid occurrence and the resulting injuries were caused solely and wholly by the negligence, carelessness and recklessness of the defendants, jointly and/or serverally, in the manufacturing, transporting, merchandising, warehousing, developing, designing, preparing, assembling, packaging, securing, selling, storing, placing, handling and/or distributing of the packaging, container and/or bottle for sparkling cider and placing same into the stream of commerce; and was in no way contributed to by the plaintiff.

49.    Upon information and belief, the aforesaid bottled sparkling cider and its accompanying packaging, by reason of its improper manufacture, transport, merchandising, warehousing, development, design, preparation, assembly, packaging, securing, selling, storing, placing, handling and/or distribution was inherently defective and dangerous, unfit for its intended use and purpose and posed an unreasonable and foreseeable risk of harm to handlers and/or users thereof and those lawfully present upon the aforesaid premises and within the zone of danger; that the said bottle and its accompanying packaging was unreasonably dangerous and

-16-

defective by reason of the improper manufacture, transport, merchandising, warehousing, development, design, preparation, assembly, packaging, securing, selling, storing, placing, handling and/or distribution thereof, and its connecting members, parts, appurtenances and components, which failed to remain intact, secured and safe, in violation of accepted engineering, safety and industry standards, laws and regulations of the United States; by reason of the failure of the defendant, agents, servants, employees, independent contractors, distributors, divisions, and/or subsidiaries to manufacture, transport, merchandise, warehouse, develop, design, prepare, assemble, package, secure, sell, store, place, handle and/or distribute the bottled sparkling cider and its accompanying packaging which were reasonably safe, having due regard for the use intended and any foreseeable mis-handling of the product, if any; that the defendants, their agents, servants, employees, independent contractors, divisions, distributors and/or subsidiaries had actual and constructive knowledge of feasible alternatives to the aforesaid defective manufacture, transportation, merchandising, warehousing, development, design, preparation, assembly, packaging, securing, selling, storing, placing, handling and/or distribution and knowingly marketed the subject product and packaging; that the subject product and its packaging was defective and unreasonably dangerous by reason of the failure of the defendants, and each of them, to provide adequate warnings, precautions, safety devices and fail safe mechanisms; that the subject product was otherwise defective and unreasonably dangerous by reason of the failure of the defendants to recall, remedy, re-design, advise, remove from the stream of commerce and/or the aforesaid premises or warn users and handlers of the aforesaid defects and hazards.

-17-

50.    That the aforesaid defective and dangerous product was the proximate cause of plaintiff's injuries.

51.    That by reason of the foregoing, the plaintiff has suffered severe, serious, permanent and disabling personal injuries, including but not limited to pain and suffering, loss of enjoyment of life, incurred pecuniary damages, medical, hospital, rehabilitative and other expenses, all of which are upon information belief permanent.

52.    The aforesaid occurrence and the injuries resulting to the plaintiff, therefrom, were caused wholly and solely by reason of the negligence of the defendants, jointly and/or severally, by their agents, servants and/or employees, and was in no way contributed by the plaintiff in any manner.

53.    By reason of the foregoing, the plaintiff has been damaged and pursuant to C.P.L.R. §3017(c), demands judgment in amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE,** plaintiff demands judgement pursuant to C.P.L.R. §3017(c) against the defendants on the FIRST CAUSE OF ACTION in amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction; on THE SECOND CAUSE OF ACTION in amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction; and on the THIRD CAUSE OF ACTION in amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction; and on the FOURTH CAUSE OF ACTION in amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction; together with costs and disbursements of this action.

-18-

Dated: Brooklyn, New York
      January 22, 2007

                                   Yours, etc.,
                                   **GILBERTO, GUASTAFERRI & NUCCIO, LLP**
                                   *By: Teresa R. Guastaferri, Esq.*
                                   Attorneys for the Plaintiff
                                   32 Court Street, Suite 1104
                                   Brooklyn, New York 11201
                                   (718) 852-6000
                                   Our File No.: 05GGN03

-19-

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SULLIVAN
-------------------------------------------------------------X
COLLEEN CLARKE,

                            Plaintiffs,

       - against -

OWENS-BROCKWAY GLASS CONTAINER INC.,
i/s/h/a OWENS-BROCKWAY GLASS CONTAINER,
INC., OWENS-BROCKWAY GLASS CONTAINERS,
a Unit of OWENS-ILLINOIS, OWENS-BROCKWAY
PACKAGING, INC. and OWENS-ILLINOIS,

                            Defendants,
-------------------------------------------------------------X

**STIPULATION**
Index No.: 3628-2006

      The defendants, OWENS-BROCKWAY GLASS CONTAINER INC., i/s/h/a OWENS-

BROCKWAY GLASS CONTAINER, INC., OWENS-BROCKWAY GLASS CONTAINERS,

a Unit of OWENS-ILLINOIS, OWENS-BROCKWAY PACKAGING, INC. and OWENS-

ILLINOIS, by their attorneys, GOLDBERG SEGALLA LLP, and the plaintiff, COLLEEN

CLARKE, by her attorneys, GILBERTO & GUASTAFERRI, PLLC, the firm successor in

interest to GILBERTO, GUASTAFERRI & NUCCIO, LLP, hereby stipulate as follows:

      **WHEREAS**, this matter involves a dispute between a plaintiff who resides in the State of

New York; the defendants who reside in the State of Illinois; and a product that was

manufactured in the State of California, and

      **WHEREAS**, the amount in controversy exceeds SEVENTY-FIVE THOUSAND

DOLLARS ($75,000.00) and there is complete diversity between the parties, and

      **WHEREAS**, the plaintiff's Summons and Verified Complaint was timely filed with the

Sullivan County Court, and

WHEREAS, the defendants contend that service of the Summons and Verified complaint has not been timely and properly effectuated, and

WHEREAS, the defendants are willing to accept service by their attorneys, and

WHEREAS, the plaintiff consents to the removal of this case from the Sullivan County Supreme Court to the United States District Court, Southern District of New York located in White Plains, New York, and

WHEREAS, the parties hereto desire to resolve these issues without motion practice, it is now

HEREBY STIPULATED AND AGREED that,

1. The defendants have not yet been properly served with the plaintiff's Summons and Verified Complaint, but are willing to accept service of same through the office of the undersigned attorneys; and

2. Upon execution of this stipulation by the defendants, service of the Summons and Verified Complaint bearing index number 3628/2006 upon the defendants at the law offices of Goldberg Segalla, LLP, located at 170 Hamilton Avenue, White Plains, New York 10601, is hereby admitted; and

3. The defendants within 20 days of this stipulation being executed by both parties will file a Notice of Removal which comports with 28 U.S.C. §1446 and F.R.C.P. Rule 11; and

4. The plaintiff hereby consents to the removal of this action from Supreme Court, Sullivan County to the United States District Court, Southern District of New York located in White Plains, New York; and

-2-

5.    Within 30 days of removal of this action, the defendants shall serve an answer to the Summons and Verified Complaint without jurisdictional defenses; and

6.    A photocopy or facsimile of this completely executed stipulation may be filed with the Court and shall have the same full force and effect as if an original were so filed; and

7.    This stipulation may be executed in counter-parts and each counter-part shall be treated as an original and all counter-parts together shall constitute one and the same instrument; and

8.    This stipulation may be entered by either party against the other without further notice to any other party.

Dated: Staten Island, New York          Dated: White Plains, New York
       May 5, 2007                              May 5, 2007

**GILBERTO & GUASTAFERRI, PLLC**          **GOLDBERG SEGALLA, LLP**
By: *Teresa R. Guastaferri, Esq.*          By: *Brian T. Stapleton, Esq.*
Attorneys for Plaintiff                    Attorneys for Defendants
1055 Hylan Boulevard, Suite #2             170 Hamilton Avenue, Suite 203
Staten Island, New York 10305              White Plains, New York 10601
(718) 876-5050                             (914) 798-5400
(718) 876-5966 fax                         (914) 798-5401
trgesq@ggnllp.com                          bstapleton@goldbergsegalla.com
File No.: 05GGN03                          File No.: 12097.0004

-3-

## Brian T. Stapleton

| | |
|---|---|
| **From:** | Teresa Guastaferri [trgesq@ggnllp.com] |
| **Sent:** | Tuesday, May 08, 2007 4:53 PM |
| **To:** | Brian T. Stapleton |
| **Subject:** | Re: Colleen Clarke |
| **Attachments:** | complaint-new.pdf |

As per our conversation and the stipulation, attached please find a copy of the complaint which you have agreed to accept.  If you need any further information, please feel free to contact the undersigned.

Teresa R. Guastaferri, Esq.
Gilberto & Guastaferri, PLLC
1055 Hylan Boulevard, Suite #2
Staten Island, New York 10305
(718) 876-5050
(718) 876-5955 fax


*** eSafe scanned this email for malicious content ***
*** IMPORTANT: Do not open attachments from unrecognized senders  ***