## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

COLLEEN CLARKE,

          Plaintiff,                    Docket No. 07 CIV 3695

    -against-                        **VERIFIED**
                                       **ANSWER**

OWENS-BROCKWAY GLASS CONTAINER INC., i/s/h/a,
OWENS-BROCKWAY GLASS CONTAINER, INC.,
OWENS-BROCKWAY GLASS CONTAINERS, a unit of
OWENS-ILLINOIS, OWENS-BROCKWAY PACKAGING,
INC. and OWENS-ILLINOIS,

          Defendants.

The defendants, OWENS-BROCKWAY GLASS CONTAINER INC., i/s/h/a OWENS-BROCKWAY GLASS CONTAINER, INC., OWENS-BROCKWAY GLASS CONTAINERS, a Unit of OWENS-ILLINOIS, OWENS-BROCKWAY PACKAGING, INC. and OWENS-ILLINOIS ["Defendants"], by their attorneys, GOLDBERG SEGALLA LLP, as and for their Verified Answer to Plaintiff's Verified Complaint, allege as follows:

### PARTIES:

**FIRST:**      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraphs designated as "1", "21", "22" and "25" of Plaintiff's Verified Complaint.

**SECOND:**      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraphs designated as "2", "3", "4", "5", "6", "7", "8", "9", "10", "11", "12", "13", "14", "15", "16", "17", "18", "19", "23", "24"

and "26" of Plaintiff's Verified Complaint and refer all questions of law to the Honorable Court.

## ANSWERING THE FIRST CAUSE OF ACTION

**THIRD:**     In answer to the paragraph designated as "27" in the Plaintiff's Verified Complaint, Defendants repeat, reiterate and reallege each of the responses set forth in paragraphs **"FIRST"** and **"SECOND"** of the Verified Answer with the same force and effect as if they were set forth fully and at length herein.

**FOURTH:**     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraphs designated as "28" and "29" of Plaintiff's Verified Complaint.

**FIFTH:**     Defendants deny the allegations in the paragraphs designated as "30", "31", "32", "33", "34", "35", "36" and "37" of Plaintiff's Verified Complaint.

## ANSWERING THE SECOND CAUSE OF ACTION

**SIXTH:**     In answer to the paragraph designated as "38" in the First Cause of Action of Plaintiff's Verified Complaint, Defendants repeat, reiterate and realleges each of the responses set forth in paragraphs **"FIRST"** through **"FIFTH"** of the Verified Answer with the same force and effect as if they were set forth fully and at length herein.

**SEVENTH:**     Defendants, deny the allegations in the paragraphs designated as "39", "40", "41", "42" and "43" of Plaintiff's Verified Complaint.

## ANSWERING THE THIRD CAUSE OF ACTION

**EIGHTH:**     In answer to the paragraph designated as "44" in the First Cause of Action of Plaintiff's Verified Complaint, Defendants repeat, reiterate and realleges each

of the responses set forth in paragraphs **"FIRST"** through **"SEVENTH"** of the Verified Answer with the same force and effect as if they were set forth fully and at length herein.

      **NINTH:**    Defendants, deny the allegations in the paragraphs designated as "45" and "46" of Plaintiff's Verified Complaint.

## ANSWERING THE FOURTH CAUSE OF ACTION

      **TENTH:**    In answer to the paragraph designated as "47" in the First Cause of Action of Plaintiff's Verified Complaint, Defendants repeat, reiterate and realleges each of the responses set forth in paragraphs **"FIRST"** through **"NINTH"** of the Verified Answer with the same force and effect as if they were set forth fully and at length herein.

      **ELEVENTH:** Defendants, deny the allegations in the paragraphs designated as "48", "49", "50", "51", "52" and "53" of Plaintiff's Verified Complaint.

## FIRST AFFIRMATIVE DEFENSE

      The damages allegedly sustained by Plaintiff was caused or contributed to by Plaintiff's own negligence or culpable conduct and this answering Defendant is, therefore, not liable to Plaintiff or, alternatively, the Defendant's liability to Plaintiff is partial only and should be reduced in accordance with applicable law.

## SECOND AFFIRMATIVE DEFENSE

      The damages allegedly sustained by Plaintiff was caused by the direct and proximate negligence or intentional conduct of other parties, their agents or employees, or by others unknown at this time over whom this answering Defendant had no control at any time relevant hereto, and in the event this answering Defendant is found liable to Plaintiff, which liability is expressly denied, this answering Defendant will be entitled to indemnification, contribution or apportionment of liability pursuant to applicable law.

## THIRD AFFIRMATIVE DEFENSE

The damages allegedly sustained by Plaintiff were not proximately caused by any negligence or culpable conduct on the part of this answering Defendant.

## FOURTH AFFIRMATIVE DEFENSE

Defendant did not create a defective or dangerous condition where the alleged accident occurred; defendant had no actual or constructive notice of any alleged dangerous or defective condition, defendant did not have a reasonable time within which to correct any such alleged condition, or warn others about its existence.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's damages were caused and brought about by an intervening and superseding cause and were not caused by defendant or by a person or entity for whom the defendant is responsible.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of his alleged damages and on that account the defendant is not liable to plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

The defendant's liability, if any, to plaintiff is limited under Article 16 of the Civil Practice Law & Rules of the State of New York.

## EIGHTH AFFIRMATIVE DEFENSE

The Verified Complaint fails to state a claim upon which relief can be granted.

## NINTH AFFIRMATIVE DEFENSE

Defendant alleges that if the plaintiff sustained any injuries or damages at the time and place alleged in the Verified Complaint, such injuries and/or damages were the result of

the culpable conduct of the plaintiff, and/or the other parties hereto or were the result of the plaintiff's assumption of risk. Should it be found, however, that defendant is liable to the plaintiff herein, any liability being specifically denied, then any damages are to be apportioned among the plaintiff, defendant and/or the other parties hereto according to the degree of responsibility that each is found to have in the occurrence, in proportion to the entire measure of responsibility for the occurrence.

## TENTH AFFIRMATIVE DEFENSE

That the plaintiff could, with due diligence, have obtained personal jurisdiction over tort feasors not a party to this lawsuit and thus the culpability of these missing or absent tort feasors may be computed into the apportionment of total culpability causing the subject occurrence.

## ELEVENTH AFFIRMATIVE DEFENSE

In the event that plaintiff recovers a verdict or judgment against the answering defendant, then said verdict or judgment must be reduced by those amounts which have been or will with reasonable certainty replace or indemnify plaintiff in whole or in part for any past or future claimed medical expenses, or other such economic loss, as paid from any collateral source, such as, but not limited to, insurance, social security, worker's compensation, or employee programs.

## TWELFTH AFFIRMATIVE DEFENSE

If a product placed into the stream of commerce by this answering Defendant is involved in the subject occurrence, the product in question, when sold as new property, was merchantable and reasonably suited to its intended use.

## THIRTEENTH AFFIRMATIVE DEFENSE

If a product placed into the stream of commerce by this answering Defendant is involved in the subject occurrence, the product was substantially misused, abused, modified and/or altered subsequent to its placement into the stream of commerce by this answering Defendant, and such misuse, abuse, modification and/or alteration proximately caused Plaintiff's alleged injuries and damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

If a product placed into the stream of commerce by this answering Defendant was involved in the alleged accident, and any express warranties were made with regard to the product, and/or if implied warranties are deemed to exist with respect to the product, the product met or exceeded each and every such implied and/or express warranty, if any, that existed or is deemed to exist.

## FIFTEENTH AFFIRMATIVE DEFENSE

If a product placed into the stream of commerce by this answering Defendant was involved in the alleged accident, and any express warranties were made with regard to the product, and/or if implied warranties are deemed to exist with respect to the product, no notice of any alleged breach of this warranty was provided to defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

If a product placed into the stream of commerce by this answering Defendant was involved in the subject occurrence, said product at all times conformed with the current state-of-the-art or knowledge of trade or industry customs and standards applicable at that

time in the industry which produced such products, and was designed, manufactured, distributed and sold with due care.

### SEVENTEENTH AFFIRMATIVE DEFENSE

If a product placed into the stream of commerce by this answering Defendant is involved in the subject accident, the alleged damages were the result of the product having been used in a manner not intended by said Defendant or in a manner not in accordance with the instructions and labels provided with it or with known safety practices.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff, through the exercise of reasonable care, would have averted his injuries and damages.

### NINETEENTH AFFIRMATIVE DEFENSE

If a product placed into the stream of commerce by this answering Defendant is involved in the subject accident, when said product left this answering defendant's control, it was not defective and was reasonably safe in relation to product users.

### TWENTIETH AFFIRMATIVE DEFENSE

If the product referred to in plaintiff's complaint was dangerous or defective as alleged by plaintiff, which is expressly denied by this answering defendant, then such condition was open and obvious and plaintiff by the exercise of reasonable care would have discovered the defect and perceived the danger.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

If a product placed into the stream of commerce by this answering defendant was involved in the alleged accident, such product was accompanied by adequate warnings and instructions at the time it left the possession of this answering defendant.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff makes claims on both strict liability and warranty. Since the plaintiff claims personal injuries, the theory of strict tort liability overrides recovery on a warranty theory and plaintiff is not entitled to have any warranty theory submitted to the jury. The allegations relating to implied warranty fail to state a claim upon which relief can be granted

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim is barred based on the applicable statute of repose.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's demand for punitive damages is barred because such damages are not recoverable or warranted in this action, and plaintiffs fail to set forth with particularity the fraud or conspiracy alleged.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's demand for punitive damages is barred by the due process clause of the Fourteenth Amendment to the United States Constitution.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's demand for punitive damages is barred by the proscription of the Eighth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, and prohibiting the imposition of excessive fines.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The Defendant's claims are barred by the Informed Intermediary/Sophisticated User Doctrine to the extent it is applicable to any of the allegations in Defendant's Complaint for damages.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant affirmatively pleads the application of comments h, j and k of section 402A of the Restatement (Second) of Torts and its limitations upon the doctrine of strict product liability for purported design defect.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

If a product placed into the stream of commerce by defendant is involved in the subject accident, any damages sustained by Plaintiff was caused by an idiosyncratic reaction to defendant's products not reasonably foreseeable to defendant.

## THIRTIETH AFFIRMATIVE DEFENSE

Defendant's products were manufactured, packaged, and labeled in accordance with the accepted industry, scientific and medical standards of the time.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Defendant kept abreast of knowledge of and updated its products as gained through research, scientific literature and other available methods.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

The lack of privity between Plaintiff and Defendant bars any claims based on contractual theories including, but not limited to, breach of warranty claims.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

If a product placed into the stream of commerce by Defendant is involved in the subject accident, the conduct of Defendant and the subject products at all times conformed with the Federal Food, Drug and Cosmetic Act, and other pertinent federal

statutes and regulations. Accordingly, Plaintiff's claims, predicated on state tort law and alleging the subject products to be unsafe, are barred, in whole or in part, by the doctrine of federal preemption and the Supremacy Clause of the United States Constitution, Article VI, clause 2.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Oral warranties upon which Fortieth Plaintiff allegedly relied are unavailable as violative of the provisions of the applicable Statute of Frauds.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff failed to mitigate or otherwise act to lessen or reduce the injuries and/or damages alleged in the Complaint.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches, waiver and/or estoppel.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

While denying the existence and/or breach of any warranties, Defendant asserts that, in the event that any such warranties did exist, the Plaintiff did not rely upon same.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and damages, if any, were the result of preexisting or subsequent conditions unrelated to the subject products allegedly manufactured, or distributed by Defendant.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

If a product placed into the stream of commerce by Defendant is involved in the subject accident, said product met the requirements of Restatement (Third) of Torts, Section 6 and Defendant affirmatively pleads the application of said section along with the affirmative defenses pertaining thereto.

## FORTIETH AFFIRMATIVE DEFENSE

Defendant had no duty to warn about any possible dangers in using its products that were not known or knowable at the time of manufacture and sale of its products.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff failed to provide timely notice of the defect as required by the New York Uniform Commercial Code.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Upon information and belief, plaintiff's claims and causes of action are barred because plaintiff or plaintiff's agents or others beyond the control of these Defendants have by act or omission, destroyed, lost or spoliated evidence crucial to the defense of the claims asserted in the complaint.

## FORTY-THIRD AFFIRMATIVE DEFENSE

Upon information and belief, the spoliation of the product or the alleged defective component parts at issue has deprived defendant of its full and unfettered opportunity to establish and present a defense herein, thus entitling it to dismissal of the claims against it.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to take all steps necessary and proper to mitigate damages. Any award of punitive damages claimed by the plaintiffs/decedents would violate the Fifth, Eighth and Fourteenth Amendments, and the Contracts Clause, of the Constitution of the State of New York upon the following separate grounds:

a.      An award of punitive damages would violate the defendants' right to due process.

b.      An award of punitive damages would violate the defendants' rights to equal protection of laws.

c.      An award of punitive damages would violate the guarantee that excessive fines shall not be imposed.

d.      An award of punitive damages would violate the prohibition against impairing the obligation of contracts.

e.      The procedure relating to the imposition of such damages improperly failed to provide objective standards limiting the award of, and amount of, punitive damages.

f.      The procedures relating to the imposition of such damages improperly allow the admission of such evidence relevant to punitive damages, in the same proceeding during which liability and compensatory damages are determined.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's/decedents' claims for punitive damages contravene these answering defendants' constitutional rights as reserved for a defendant by the Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and the corresponding

sections of the Constitution for the State of New York, in that punitive damages are penal in nature and tantamount to the imposition of a criminal fine. Further, the guidelines, standards and/or instructions for the imposition of the punitive damages are vague, indefinite, and uncertain and set no limit on the damages which can be awarded. They furthermore do not apprise these answering defendants of the conduct that will subject it to criminal penalties, expose it to multiple punishment and fines for the same act, and discriminate against these answering defendants on the basis of wealth in that different amounts can be awarded against different defendants for the same act but who differ only in material wealth.

WHEREFORE, Defendants, OWENS-BROCKWAY GLASS CONTAINER INC., i/s/ha OWENS-BROCKWAY GLASS CONTAINER, INC., OWENS-BROCKWAY GLASS CONTAINERS, a Unit of OWENS-ILLINOIS, OWENS-BROCKWAY PACKAGING, INC. and OWENS-ILLINOIS, demand that the Verified Complaint be dismissed, together with the costs, attorneys fees and disbursements of the within action, and such other, further or different relief which the Court may deem just and proper under the circumstances.

Dated:        White Plains, New York
              May 23, 2007

                                        GOLDBERG SEGALLA LLP

                          By:_____
                                        BRIAN T. STAPLETON (BS-5640)
                                        DAVID S. OSTERMAN (DO-6451)
                                        Attorneys for Defendants
                                        170 Hamilton Avenue, Suite 203
                                        White Plains, New York 10601
                                        (914) 798-5400
                                        GS File No. 12097.0004

TO:     GILBERTO & GUASTAFERRI
        Attorneys for Plaintiff
        1055 Hylan Boulevard #2
        Staten Island, New York  10305
        (718) 812-5686
        File No.:  05GGN03

## ATTORNEY'S VERIFICATION

The undersigned, BRIAN T. STAPLETON, an attorney admitted to practice in the Courts of the State of New York, affirms:

I am the attorney of record for the Defendants in the within action; I have read the foregoing VERIFIED ANSWER and know the contents thereof; that the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

The grounds for my belief as to all matters not stated upon my knowledge are investigations, which I have made or have caused to be made concerning the subject matter of this action, and statements of parties and/or witnesses made herein.

This verification is made by affirmation because Defendants reside in a jurisdiction outside the county where the affirmant maintains his office.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated:        White Plains, New York
              May 23, 2007

                                    By:_____
                                        BRIAN T. STAPLETON

77435.1